Filed 10/22/25  P. v. Chavez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JESUS CHAVEZ et al.<br><br>    Defendants and Appellants. | B339308<br><br>(Los Angeles County<br>Super. Ct. No.<br>VA140483) |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa S. Coen, Judge.  Affirmed.

DWYER + KIM, and John P. Dwyer, under appointment by the Court of Appeal, for Defendants and Appellants.

No appearance by Plaintiff and Respondent.

In 2018, a jury convicted Jesus Chavez of first degree murder. (Pen. Code,[1] § 187, subd. (a).) The jury found true the allegations that Chavez personally and intentionally discharged a firearm proximately causing death (§ 12022.53, subd. (d)), and that the murder was intentional and perpetrated by discharging a firearm from a vehicle with intent to inflict death (§ 190.2, subd. (a)(21)). In a bench trial, the court found true the allegations that Chavez had suffered a prior strike within the meaning of the Three Strikes Law (§§ 667, subds. (b)-(i), 1170, subds. (a)-(d)) and suffered a prior serious felony conviction (§ 667, subd. (a)). The trial court sentenced Chavez to life without the possibility of parole plus consecutive terms of 25 years to life for the firearm enhancement and five years for the prior serious felony enhancement.

In 2024, Chavez petitioned for resentencing pursuant to section 1172.6. The trial court appointed counsel. The People filed a response opposing the petition. Appointed counsel filed a reply. The trial court held a hearing and denied the petition based on its finding that Chavez was ineligible as a matter of law because the jury was not instructed on an imputed liability theory of murder.

Chavez appealed, and this court appointed counsel to represent him. After examining the record, Chavez's attorney filed an opening brief raising no issues and asking that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We invited Chavez to submit a supplemental brief.

---

[1] All further statutory references are to the Penal Code.

Chavez submitted a one-page handwritten letter brief in response. We limit our consideration to the issues raised in Chavez's brief. (*Delgadillo, supra*, 14 Cal.5th at p. 232 [where a defendant's attorney finds no arguable issues in an appeal from the denial of a section 1172.6 petition and the defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the question of whether to conduct an independent review of the entire record is "wholly within the court's discretion"].)

None of the arguments raised in Chavez's supplemental brief address his eligibility for resentencing under section 1172.6 or have any bearing on whether Chavez could "presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) Rather, he argues that: (1) his trial counsel was ineffective; (2) the crime scene was disturbed by the public; (3) there was no effort taken to fingerprint an unfired bullet discovered at the scene; and (4) his counsel told him he would lose at trial but could appeal based on violations of his constitutional rights. Section 1172.6 provides no relief for trial error. (See, e.g., *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error," fn. omitted].) The trial court did not err in denying Chavez's petition.

## DISPOSITION

The trial court's order denying Chavez's Penal Code section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED.


MOOR, J.


WE CONCUR:


BAKER, Acting P. J.


KIM (D.), J.